# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1603V
UNPUBLISHED

| | |
|---|---|
| ANTHONY SHERWOOD,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: January 14, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*David John Carney*, Green & Schafle LLC, Philadelphia, PA, for Petitioner.

*Martin Conway Galvin*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On October 15, 2019, Anthony Sherwood filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration (SIRVA) caused by the influenza (flu) vaccination he received on October 18, 2018. Petition at ¶¶ 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 7, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On January 13, 2022, Respondent filed a proffer on award of compensation (Proffer) indicating Petitioner should be awarded $75,000.00 for pain and suffering, $800.60 to satisfy the State of California Medicaid lien, and $16.41 to satisfy the State of Texas Medicaid lien. Proffer at 1-2. In the Proffer, Respondent represented

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following compensation:**

1. **A lump sum payment of $75,000.00, in the form of a check payable to Petitioner, Anthony Sherwood.**

2. **A lump sum payment of $800.60, representing compensation for satisfaction of a Medicaid lien, payable jointly to Petitioner and the State of California, Department of Health Care Services, and mailed to:**

   Department of Health Care Services
   Recovery Branch - MS 4720
   P.O. Box 997421
   Sacramento, CA 95899-7421
   DHCS account number C94569242D-VAC02

3. **A lump sum payment of $16.41, representing compensation for satisfaction of a Medicaid lien, payable jointly to Petitioner and TMHP-Medicaid, and mailed to:**

   TMHP TPL-Tort Department
   Attn: Tort Receivables
   PO Box 202948
   Austin, TX 78720-2948

This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ANTHONY SHERWOOD, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 19-1603 |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On October 15, 2019, Anthony Sherwood ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following the administration of an influenza vaccine on October 18, 2018. Petition at 1-2. On May 11, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on June 7, 2021, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 22; ECF No. 23.

**I.    Items of Compensation**

    A.    Pain and Suffering

Respondent proffers that petitioner should be awarded **$75,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. <u>Medicaid Lien- State of California</u>

Respondent proffers that petitioner should be awarded funds to satisfy the State of California Medicaid lien in the amount of **$800.60**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of California may have against any individual as a result of any Medicaid payments the State of California has made to or on behalf of petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about October 18, 2018 under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

C. <u>Medicaid Lien- State of Texas</u>

Respondent proffers that petitioner should be awarded funds to satisfy the State of Texas Medicaid lien in the amount of **$16.41**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Texas may have against any individual as a result of any Medicaid payments the State of Texas has made to or on behalf of petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about October 18, 2018 under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.    Form of the Award**

The parties recommend that compensation provided to petitioner should be made through three lump sum payments described below, and request that the Chief Special Master's decision

and the Court's judgment award the following: [1]

    A. A lump sum payment of **$75,000.00** in the form of a check payable to petitioner;

    B. A lump sum payment of **$800.60,** representing compensation for satisfaction of the State of California Medicaid lien, in the form of a check payable jointly to petitioner and:

> Department of Health Care Services
> Recovery Branch - MS 4720
> P.O. Box 997421
> Sacramento, CA 95899-7421
> DHCS account number C94569242D-VAC02

Petitioner agrees to endorse the check to the Department of Health Care Services, State of California, for satisfaction of the California Medicaid lien; and

    C. A lump sum payment of **$16.41,** representing compensation for satisfaction of the State of Texas Medicaid lien, in the form of a check payable jointly to petitioner and:

> TMHP TPL-Tort Department
> Attn: Tort Receivables PO Box 202948
> Austin, TX 78720-2948

Petitioner agrees to endorse the check to TMHP-Medicaid for satisfaction of the Texas Medicaid lien.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

    Respectfully submitted,

    BRIAN M. BOYNTON
    Acting Assistant Attorney General

    C. SALVATORE D'ALESSIO
    Acting Director
    Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ *Martin C. Galvin*
MARTIN C. GALVIN
Trial Attorney, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-3071
Martin.Galvin@usdoj.gov

Dated: January 13, 2022

4